4

UNITED STATES *v.* INNIS SPEIDEN & CO., MANAHAN CHEMICAL CO., INC., JOHN C. WIARDA & CO., AMERICAN FLUORIDE CORP., HARSHAW FULLER GOODWIN CO. OF N. Y., HARSHAW CHEMICAL CO. OF N. Y., JUNGMANN & CO., INC. (No. 3842)[1]

United States Court of Customs and Patent Appeals, April 8, 1935

*Joseph R. Jackson,* Assistant Attorney General (*Charles D. Lawrence,* Special Assistant to the Attorney General, and *William Whynman,* special attorney, of counsel), for the United States.

*Curie, Lane & Wallace* (*William Young* of counsel) for appellees.

[Oral argument February 7, 1935, by Mr. Lawrence and Mr. Young]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This appeal involves two judgments of the United States Customs Court; one in protests 630592–G/47040, etc., rendered July 12, 1934, and the other in protests 658219–G/9743, etc., rendered July 19, 1934.

It appears from the record that the involved merchandise, consisting of sodium silicofluoride and imported under the Tariff Act of 1922, was entered under duress; that is, at the time it was entered for consumption, the importer certified that the entered values were higher than the values defined in that act, and that it was so entered in order to meet advances by the appraiser in a similar case then pending on appeal to reappraisement, in accordance with section 489 of that act, the pertinent part of which reads:

SEC. 489. * * * Duties shall not, however, be assessed upon an amount less than the entered value, except in a case where the importer certifies at the time of entry that the entered value is higher than the value as defined in this

[1] T. D. 47653

Act, and that the goods are so entered in order to meet advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and the importer's contention in said pending cases shall subsequently be sustained, wholly or in part, by a final decision on reappraisement or re-reappraisement, and it shall appear that the action of the importer on entry was so taken in good faith, after due diligence and inquiry on his part, and the collector shall liquidate the entry in accordance with the final appraisement.

It further appears from the record that the final appraised value of the merchandise in the pending or test case was 4 cents per pound, and that the importers' contention in that case was sustained.

The collector stated in his report in protest 658219–G/9743, which it is stipulated is typical of the collector's reports in the other protests here involved, that—

The importer at the time of entry [referring to the involved duress entries] made two additions to the invoice value, one to equal 4¼¢ per pound, the American selling price, and one to meet advances made by the appraiser in similar cases claimed then pending on appeal to reappraisement.

The appraiser approved the value entered and from such finding the importer filed timely appeal for reappraisement as provided in section 501, Tariff Act of 1922.

Upon final reappraisement a value was returned of four cents per pound but as this value was less than the claimed value—4¼ cents per pound, the latter was used in liquidation.

The sole question in the case is whether the collector was right in liquidating the involved entries at the so-called importers' "claimed values"—4¼ cents per pound, although the entered values were higher due to the advances made in the pending or test case, as appears from the quoted report of the collector, or whether the collector should have liquidated at 4 cents per pound, which was the final appraised value in the test case, which appraisement controls the entries in protests 630592–G/47040, etc., see *Beaver Products Co., Inc.* v. *United States*, 17 C. C. P. A. (Customs) 434, T. D. 43878; *Innis, Speiden & Co.* v. *United States*, 19 C. C. P. A. (Customs) 1, T. D. 44789; *United States* v. *Friedlaender*, 19 C. C. P. A. (Customs) 334, T. D. 45498, and which was also the final appraised values in the entries in protests 658219–G/9743, etc., made subsequent to the adoption of H. J. Res. No. 336 (47 Stat. Vol. 1, c. 473, p. 657), which reads as follows:

*Resolved by the Senate and House of Representatives of the United States of America in Congress assembled,* That it was and is the true intent and meaning of section 503 (b) of the Act entitled "An Act to provide revenue, to regulate commerce with foreign countries, to encourage the industries of the United States, to protect American labor, and for other purposes," approved June 17, 1930, and of the concluding provision of section 489 of the Act entitled "An Act to provide revenue, to regulate commerce with foreign countries, to encourage the industries of the United States, and for other purposes," approved September 21, 1922, that imported merchandise entered in accordance with the provisions of said section 503 (b) and the concluding provision of said section 489 shall be appraised

and reappraised in the same manner as though the merchandise was not so entered; that the appraisement and reappraisement of such merchandise shall have the same force and effect as in the case of merchandise not so entered; and that entries covered by certification of the importer as provided in said section 503 (b) and the concluding provision of said section 489 shall be liquidated in accordance with the final appraised value of the merchandise covered by such certificates.

It is contended by counsel for the Government that all entries should be liquidated in accordance with the entered value or the final appraised value, whichever is higher, including so-called "duress entries," such as those here involved. In support of this contention, the case of *Tweel & Co.* v. *United States,* 9 Ct. Cust Appls. 73, T. D. 37944 is cited.

The *Tweel & Co.* case, *supra,* was decided under the tariff act of 1913, and construed the provisions of paragraph I of section III of that act, the pertinent part of which reads:

\* \* \* The duty shall not, however, be assessed in any case upon an amount less than the entered value, unless by direction of the Secretary of the Treasury in cases in which the importer certifies at the time of entry that the entered value is higher than the foreign market value and that the goods are so entered in order to meet advances by the appraiser in similar cases then pending on appeal for reappraisement, and the importer's contention shall subsequently be sustained by a final decision on reappraisement, and it shall appear that the action of the importer on entry was taken in good faith, after due diligence and inquiry on his part, and the Secretary of the Treasury shall accompany his directions with a statement of his conclusions and his reasons therefor.

It was there held that duties were properly assessed upon the value which the importer claimed to be the "actual market value," which was less than the entered value, rather than upon the final appraised value, which was less than the claimed "actual market value."

It will be observed that the statute there under consideration did not contain the language "and the collector shall liquidate the entry in accordance with the final appraisement," as does section 489, *supra.*

We deem it unnecessary to restate the history of the duress entry provisions. In our opinion, it is sufficient to say that the Congress provided in section 489, *supra,* that the collector, in so-called "duress entries", should liquidate the merchandise covered thereby, in the event the test case had been won wholly or in part by the importer, in accordance with the final appraisement, and it is of no consequence, so far as the issues here involved are concerned, in view of the stipulations of record, whether the words "final appraisement" relate to the final appraisement in the test case, as held in the cases of *Beaver Products Co., Inc.* v. *United States, supra; Innis, Speiden & Co.* v. *United States, supra; United States* v. *Friedlaender, supra,* or to the final appraisement of the goods involved in the duress entries, as provided by H. J. Res. 336, *supra.*

The language of the statute is not only plain but mandatory, and the collector was wholly without authority to assess duties on the merchandise here involved at other than 4 cents per pound, which was the final appraised value of the merchandise involved in the pending or test case, as well as the final appraised value of the merchandise covered by those duress entry cases, which merchandise was appraised subsequent to the enactment of H. J. Res. No. 336, *supra*. See the case of *Wm. Openhym & Sons* v. *United States*, 57 Treas. Dec. 499, decided April 4, 1930, prior to the enactment of the Tariff Act of 1930.

We are in entire accord with the reasoning and conclusion reached by the trial court in that case, and with the conclusion reached by the trial court in the case at bar.

For the reasons stated, the judgments are *affirmed*.